IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA LOU ECKERT, individually and in
the interest of her minor child,
TUXIE EUGENE BALLARD, III,

       Plaintiffs,

  vs.                                               No.   CIV 98-1364 MV/LFG

THE CITY OF CLAYTON, UNION COUNTY,
NEW MEXICO, COLIN ALCOTT, individually
and as Acting District Attorney, Union County,
JAMES E. ATKINS, individually and as Chief
of Clayton Police Department, City of Clayton,
Union County, COLLEEN BATES, individually
and as officer in the Clayton Police Department,
City of Clayton, Union County,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Colin Alcott's Motion to Dismiss filed February 9, 1999 [**Doc. 13**]. The Court previously granted the motion on the grounds that Plaintiffs had failed to respond and therefore were deemed to consent to the granting of the motion. Order of March 3, 1999 [**Doc. 16**]. The Court subsequently received Plaintiffs' Response and Defendant Alcott's Reply. The Court having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**, as explained below.

**BACKGROUND**

Plaintiff Linda Lou Eckert ("Eckert"), proceeding *pro se* on behalf of herself and her minor child, Tuxie Eugene Ballard III ("Tuxie"), raise several claims pursuant to 42 U.S.C. § 1983 and common law tort against Defendants the City of Clayton ("City"), and, individually and in their official capacities, against Colin Alcott, Acting District Attorney of Union County ("Alcott"), James E. Atkins, Chief of Police of Clayton ("Chief Atkins"), and Colleen Bates, and officer with the Clayton Police Department ("Officer Bates").

For the purpose of resolving this motion, the Court assumes the truth of the following facts as pled in the Complaint:

Eckert and Tuxie have been subjected to violence and abuse at the hands of Tuxie's father Tuxie Eugene Ballard, Jr. ("Ballard"), since 1985. Prior to March 1995, Eckert had obtained restraining orders against Ballard in Texas and Colorado. These orders provided that Ballard was to have no contact whatsoever with Eckert or Tuxie and was always to remain at least 100 yards away from them. In March 1995, Eckert and Tuxie moved to Clayton New Mexico, in Union County. With the assistance of a counselor from a battered women's shelter, Eckert notified the Clayton Police of the two restraining orders.

On July 7, 1995, Officer Jeremy Montoya, who is not a defendant in the current action, approached Eckert at her home. Officer Montoya told Eckert that he had Ballard in his patrol car and that he had requested to see his son. Apparently Ballard had approached the Clayton Police and requested their assistance in the matter. Eckert reminded Officer Montoya of the no contact order and Officer Montoya stated that Ballard had "permission" to see Tuxie. Eckert contacted the counselor from the battered women's shelter who asked Officer Montoya were this "permission" had

come from. Officer Montoya eventually stated that "Ballard had permission to see his son if it was all right." Eckert indicated that it was not "all right" and Officer Montoya and Ballard left. Eckert had been attempting to keep their location a secret from Ballard and, until this encounter, thought she had been successful.

Eckert immeditately contacted Chief of Police. Chief Atkins admitted to knowing of the no contact orders but told Eckert the orders were not enforceable in New Mexico. Eckert subsequently filed for and on November 29, 1995, received an order from a New Mexico court granting full faith and credit on her Colorado restraining order. Despite the order, Ballard continued to harass Eckert and Tuxie with threatening phone calls to their friends and family.

On November 12, 1996, Ballard again requested the assistance of the Clayton Police in seeing Tuxie. This time the police apparently refused, counseling Ballard against any attempt to see Eckert or Tuxie. Ballard than drove to the Union County Courthouse, allegedly to speak with the district attorney. The Courthouse, however, is across the street from Tuxie's elementary school. Ballard parked in a parking lot within 100 feet of the school playground. When Tuxie was in the playground during lunch, Ballard attempted to entice Tuxie to come over to him. Tuxie refused. Ballard gained the attention of a teacher and gave the teacher a message for Tuxie. Because the school was aware of the no contact order, the principal contacted Eckert immediately. Eckert called Clayton Police and went to the school. When she arrived, Ballard was still parked across from the school playground. He remained there until Officer Bates arrived and began her investigation.

Officer Bates refused to arrest Ballard for this violation of the restraining order and, despite repeated requests, District Attorney Alcott refused to prosecute Ballard. Two weeks after the incident, Eckert moved herself and Tuxie out of Union County.

Based on the failure to arrest and prosecute Ballard for his violation of the restraining order and pursuant to 42 U.S.C. § 1983, Plaintiffs assert causes of action for failure to train, deprivation of due process, and deprivation of equal protection. Plaintiffs also assert the common law torts of willful and wanton negligence, negligence per se, and outrageous conduct. Defendant Alcott now moves to be dismissed from the case on the grounds that he is completely immune from suit for his official acts.

## STANDARD OF REVIEW

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873

F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## ANALYSIS

Defendant Alcott asserts that he is completely immune from suit and therefore must be dismissed from this case. Plaintiffs agree that Alcott is immune in his official capacity and that this portion of their § 1983 claims against him should be dismissed. Plaintiffs argue, however, that Alcott may be sued in his individual capacity for his failure to prosecute Ballard. Plaintiffs are incorrect.

With regard to the § 1983 claims, Alcott is granted absolute immunity for any acts allegedly committed by him in the course of his duties as a district attorney. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976); *Hammond v. Bales*, 843 F.2d 1320, 1321-22 (10th Cir. 1988); *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982) ("A decision not to prosecute is a decision which is protected by that immunity."); *see* 67 A.L.R. Fed. 640, When is Prosecutor Entitled to Absolute Immunity form Civil Suit for Damages Under 42 U.S.C. § 1983: Post-Imbler Cases, §9 (collecting cases finding immunity for failure to prosecute and not citing any cases where courts found no immunity). A district attorney simply may not be sued personally under § 1983 for his failure to prosecute. Therefore, Plaintiffs' § 1983 claims against Alcott must be dismissed.

Likewise, as an employee acting within the scope of his duties, the New Mexico Tort Claims act grants Alcott complete immunity from suit, except to the extent that said immunity has been waived. NMSA 1978, § 41-4-4(A) (1996); *see Rivera v. New Mexico Highway and Transportation Dept.*, 115 N.M. 562, 563 (Ct. App. 1993), *cert. denied*, 115 N.M. 545 (1993); *Narney v. Daniels*, 115 N.M. 41, 48 (Ct. App.1992), *cert. denied*, 114 N.M. 720 (1993). The decision whether or not

to prosecute falls squarely within the scope of duties of a district attorney. *See* NMSA 1978, § 41-4-3(F); *Rivera*, 115 N.M. at 563. No provision of the Tort Claims Act waives immunity for the torts alleged here. *See* NMSA 1978, §§ 41-4-4 to -12. Accordingly, Plaintiffs' tort claims against Alcott must also be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Alcott's Motion to Dismiss **[Doc. 12]** is hereby **GRANTED**. All claims against Defendant Alcott are hereby **DISMISSED WITH PREJUDICE.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Linda Lou Eckert, *pro se*

Attorney for Defendant:
    Barbara Pryor